**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 JUL 16 P 3:58

*(In the space above enter the full name(s) of the plaintiff(s).)*



- against -

**COMPLAINT**

Jury Trial: ☒ Yes ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. Do the same for any additional   plaintiffs named. Attach
      additional sheets of paper as necessary.

Plaintiff    Name

             Street Address

             County, City

             State & Zip Code

             Telephone Number

B.   List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1            Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

Defendant No. 2            Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

Defendant No. 3            Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

Defendant No. 4            Name _____

                           Street Address _____

                           County, City _____

                           State & Zip Code _____

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

[✗] Federal Questions          [ ] Diversity of Citizenship

[ ] U.S. Government Plaintiff   [ ] U.S. Government Defendant

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

### III.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

| | |
|---|---|
| What happened to you? | C.    Facts: _____ |
| Who did what? | |
| Was anyone else involved? | |
| Who else saw what happened? | |

- 3 -

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

_(handwritten text, illegible)_

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this_____day of_____, 20_____.

Signature of Plaintiff _____

Mailing Address _____

_____

_____

Telephone Number _____

Fax Number *(if you have one)* _____

E-mail Address _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: _____

Subject: [No Subject]

From: info@mydermdoc.com

To: dermdoc533@yahoo.com

Date: Friday, July 13, 2018, 5:24:19 PM EDT

Skip to main contentHelp Center

- Login

Bookstore

- Membership
- Education & Events
- Newsroom
- ABI Journal
- Member Resources
- Endowment
- Store
- About Us

## ABI Journal

- Current Issue
- Archived Issues
- Journal Topics
- Journal Columns
- Journal Authors
- Submission Guidelines
- Advertise

# New Rules Concerning Patient Record Disposal Section 351 May Not Reduce Controversies over the Proper Procedures to Be Followed by Health Care Debtors

Dec/Jan 2006
Intensive Care
**Journal Article:**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) created new rules governing the disposal of patient records by a debtor that is a "health care business,"[2] that are now codified in §351 of the Bankruptcy Code. One of the purposes of §351 is to clarify and define the procedures for the disposal of patient records in the hopes of reducing controversies that have arisen among parties who have widely diverging views of the best practices for protecting the rights of patients. Although the new rules are still in their infancy, an examination of §351, its interplay with other sections of the Code and the incentives and goals of various parties in a health care case suggests that attaining Congress' goal of reducing disagreements over the proper procedures to be followed by the debtor may be elusive, at best.

## Section 351

Under §351 and Interim Federal Rule of Bankruptcy Procedure 6011, a health care debtor in a chapter 7, 9 or 11 proceeding that lacks the necessary funds to pay for the storage of patient records pursuant to applicable federal and state legislation must take certain precautions to safeguard such records.[3]

• The trustee or debtor-in-possession (DIP) must publish, in one or more newspapers, a notice informing patients that their records will no longer be kept at the health care facility and that, if they are not claimed by the patient or an insurance provider within 365 days of such publication date, the trustee will destroy such records.
• The notice shall not identify patients by name or contain any other identifying information, but must (i) identify with particularity the health care facility whose records the debtor intends to destroy; (ii) state the name, address, telephone number, e-mail address and Web site, if any, of a person who can provide additional information about how the records can be claimed; and (iii) state the date by which the records must be retrieved.

• During the first six months after publication, the trustee must attempt to notify each patient directly regarding their rights to claim their records and the fact that such records will otherwise be destroyed, by mailing a notice to (i) the most recently known address of each patient, a family member or a contact person for that patient; (ii) any insurance company known to have provided health care insurance to the patient; and (iii) any person who has given their name and address to the trustee or the debtor for the purpose of providing information regarding the patient's health care.

After the expiration of the 365-day period, if any patient records still remain unclaimed, the trustee is required, by certified mail, to send a written request to each appropriate federal agency requesting permission to deposit the records with such agency. Section 351 neither identifies the appropriate federal agencies, nor requires any agency to accept such records, nor imposes any time limit by which a response must be received.[4]If the records have not been accepted by any federal agency, the trustee*shall*[5]dispose of the records by shredding, burning or otherwise permanently destroying them so that they cannot be retrieved and must file a report with the bankruptcy court within 30 days certifying that the records have been destroyed, including an explanation of the method employed to destroy the records. The report must not identify the patients by name or contain any other patient-identifying information.

### Records Retention under Nonbankruptcy Law

Although §351 may be new to the Code, there exists a mature body of federal and state statutes covering the storage and disposal of medical records. The federal Medicare and Medicaid provisions, for example, generally require hospitals to retain a patient's records for at least five years following treatment.[6]Two of the largest states in the nation, New York and California, have enacted statutes that are even more stringent. New York requires that patient records be retained for at least six years,[7]and under California law, if a licensed health care provider ceases operation, the provider has an obligation to preserve records for a minimum of seven years following the discharge of the patient, except for records of minors, which must be kept for at least one year after a minor has reached the age of 18.[8]In general, although the various states' record retention laws vary widely (some requiring retention of records for as long as 25 years), at least one conclusion can be drawn: nonbankruptcy law concerning records retention and disposal is generally much more patient-friendly and stringent than §351 of the Code.

At least with respect to debtors in bankruptcy, it appears that Congress has effectively superseded the records-retention requirements of federal law and, presumably through its constitutional powers, superseded state laws concerning medical records retention.[9]Because records retention can be very expensive and §351 permits debtors to dispose of records in a fraction of the time that would be required under federal and state law, §351 can be viewed as one of the few benefits bestowed on debtors by BAPCPA.

### Contesting the Use of §351

Given the conflict between §351 and existing nonbankruptcy law, the use of §351 by a debtor or trustee is likely to be opposed by federal and state health care regulators, as well as patient advocates, who may view the section's notification requirements as being inadequate. Newspaper notification, like class action notices buried in the back pages of "one or more newspapers," will rarely reach its intended audience. Addressing mail to patients at their last known address may be slightly more effective, but many people move and forget to leave forwarding addresses, which expire after one year in any event. The additional requirement to notify doctors and insurers may be helpful, but many people neglect to visit their physicians on a regular basis, or they may change physicians or insurers and may not even realize that their records are located in a particular facility.

A patient's medical records may be very important to his/her future well-being. Among other things, records generally contain lab results, diagnoses and a history of prescribed medications, the majority of which the patient may have forgotten or not be aware of. Without such information, there is a risk of a physician misdiagnosing a patient. Patients may also face difficulties obtaining insurance coverage from companies that require proof of medical records to insure for certain services.

Any party opposing the use of §351 will likely look to contest the threshold showing that must be made by the debtor that it does not have "a sufficient amount of funds to pay for the storage of patient records in the manner required under applicable federal or state law."[10]This language suggests that unless the debtor has absolutely no unencumbered cash, or assets that can be turned into cash, the debtor should not be entitled to use §351. For example, in many hospital cases where the debtor is a not-for-profit entity, the lien of the debtor's pre-petition lender does not extend to gifts and bequests. It might be argued that those funds need to be exhausted before §351 could be invoked. To the extent that a debtor claims that such gifts and bequests are restricted as to use, a dispute may develop over the validity and extent of such nonbankruptcy restrictions.

### The Use of Carve-outs to Pay for Records Retention

Even if the debtor's pre-petition lender does not have a blanket lien, it is likely that the debtor's DIP lender will be granted a security interest encumbering all assets.[11]The debtor might argue that the all-encompassing extent of the DIP lender's lien is proof that it does not have sufficient funds to pay for records storage and retention. In order to avoid giving the debtor this excuse, parties who are active at the beginning of the case when the DIP loan is typically scheduled for approval,*e.g.*, the U.S. Trustee or the Unsecured Creditors Committee (UCC), would need to insist that the DIP loan contain a carve-out from the DIP lender's collateral in order to pay for future storage costs, if any.

The UCC may have a strong incentive to request a carve-out from the DIP lender's collateral to pay for storage costs. In addition to §351, BAPCPA also added §503(b)(8)(A) of the Code, which provides that the trustee's costs under §351 are entitled to administrative expense priority. If the DIP loan does not contain a carve-out, the amount of such costs would effectively reduce any recovery for unsecured creditors. Even in those cases where the DIP lender does not have a blanket lien—e.g., where the

DIP lender does not have a lien on avoidance actions, if no carve-out is obtained, the debtor may be required to fund storage and disposal costs from the proceeds of such avoidance actions that would otherwise have been distributed to unsecured creditors.

## Surcharging Collateral to Pay for §351 Costs

In the circumstance where a carve-out is not obtained, the unsecured creditors or the debtor may be able to surcharge the secured party's collateral for §351 costs if the debtor cannot pay its administrative claims.[12] The legislative history to §351 states that Congress believes that such costs should be surcharged against a secured creditor's collateral if the debtor is administratively insolvent.[13] BAPCPA did not, however, expressly amend §506(c) to provide for a surcharge of a secured party's collateral for the costs of records storage and disposal, nor did it change the general legal standard for awarding a surcharge. §506(c) continues to require that any surcharge be limited to the extent that a benefit is received by the secured party. The pronouncement in the legislative history of §351 is merely an interpretation of §506(c). In many circumstances, it may be difficult to demonstrate that a secured party receives any "benefit" from the debtor's ability to dispose of records. Either the debtor or its unsecured creditors, not the secured party, may be the true beneficiaries of the abbreviated disposal procedures permitted by §351.

## The Role of the Patient Care Ombudsman

A debtor may also discover that it has a new adversary when attempting to invoke §351. Given the importance of medical records to the facility's current and former patients, the patient care ombudsman, who is appointed pursuant to §333 of the Code, may attempt to intervene. In addition to monitoring patient care, the ombudsman must also "represent the interests of the patients of the health care business."[14] One of the interests of a patient of any health care business lies in the preservation of his or her medical records. However, the debtor may resist any attempted intervention on the grounds that the ombudsman should be restricted only to issues concerning existing patients. Even if correct, the ombudsman might still have an interest in assuring that the records of all existing patients be protected after discharge from the facility, which records would, presumably, be stored or disposed along with all of the debtor's other medical records pertaining to its former patients.

## Conclusion

Although it is too early to predict exactly how the effect of §351 will play out, an examination of the interplay of §351, other sections of the Code, and the goals of the various parties in interest suggests that §351 will continue to spawn contention among debtors, their secured lenders, committees, health care regulators, patient advocates and, perhaps, the patient care ombudsman. Debtors may encounter strong opposition to any attempted use of the streamlined procedures of §351, and may not want to admit that the estate is administratively insolvent. In order to avoid a contest under §351, debtors may ultimately propose a retention and disposal procedure that goes far beyond the requirements of §351 in order to achieve a consent order among all parties. Despite Congress' apparent attempt to reduce or eliminate any controversy over the procedures to be used for the disposal of patient records, §351 may turn out to be yet another ground for conflict that will need to be resolved in a health care bankruptcy case.

## Footnotes

1 Sara Langer of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. also contributed to this article.

2 11 U.S.C. §101(27A).

3 A close reading of the text of §351 and Interim Rule 6011 indicates that the safeguarding requirements set out in the statute and the rule are not identical. However, an argument can be made that any differences are supplementary and not inconsistent. Therefore, the description of the standards set forth in this article assumes that the debtor would be required to satisfy the highest common denominator of both the statute and the rule.

4 Following the closing of a health care facility, some states,e.g., Indiana, Mississippi and Tennessee, permit medical records to be deposited with a state agency. However, under §351, the debtor or trustee must request that a federal agency accept its records. There is no indication in the legislative history that Congress considered giving debtors the right to deposit records with state agencies, some of which have been fulfilling this role for many years.

5 (emphasis added) 11 U.S.C. §351(c).

6 See 42 U.S.C. §1395cc(a)(1)(I)(ii); 42 C.F.R. §482.24(b)(1)(1).

7 N.Y. Comp. Codes R. & Regs. tit. 8, §29.2(a)(3).

8 Cal. Health & Safety Code §123145.

9 See In re Adelphi Hospital Corp., 579 F.2d 726 (2d Cir. 1978) (trustee for a hospital could not be prevented from abandoning medical records under federal bankruptcy law even though state law required insolvent hospitals to maintain and store them, because federal law prevails over inconsistent state laws).

10 11 U.S.C. §351.

11 Some courts refuse to grant a lien to DIP lenders covering avoidance actions. If so, this might be a possible source of funds to pay for records storage.

12 Many DIP lenders and many pre-petition secured parties with a lien on cash collateral request orders insulating collateral from surcharge under §506(c). The legislative history to §351 may be another reason to argue that such waivers should not be granted.

13 H.R. Rep. No. 109-31, pt. 1, at 139 (2005) (*stating*, "it is anticipated that if the estate of the debtor lacks the funds to pay for the costs and expenses related to the disposal of patient records, the trustee may recover such costs and expenses under 11 U.S.C.A. §506").

14 11 U.S.C. §333(a)(1).

Bankruptcy Code:
351
Bankruptcy Rule:
2006
6011
Topic Tags:
Health Care
Journal Author:
Paul J. Ricotta
Journal Date:
Friday, December 1, 2006

Reprint Request

- Bankruptcy Links
- Financial Statements
- Bylaws & Policies

- CARE Program
- BankruptcyResources.org
- ABC

American Bankruptcy Institute
66 Canal Center Plaza, Suite 600
Alexandria, VA 22314

Tel.(703)739-0800
Fax.(866)921-1027

- Contact Us

2018 American Bankruptcy Institute, All Rights Reserved

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Case No.:

Chapter:

Adv. No.:

Hearing Date:

Judge:

In Re:

## CERTIFICATION OF SERVICE

1.  I, _____, who represents
    ☐ represent _____ in this matter.
    ☐ am the secretary/paralegal for _____ in this matter.
    ☐ am the _____ in this case and am representing myself.

2.  On _____, I sent a copy of the following pleadings
    to the parties listed in the chart below.

3.  I certify under penalty of perjury that the above doc'
    indicated.

    Date: _____

    _____
    Signature

Doctor C  Ackerman MD licensed Medical doctor

Licensed  Doctor  Board  Certified  Dermatologist  Internist,

DEA licensed

Vs

David wolfe

Doctor C  Ackerman MD licensed  Doctor submitting this emergency Motion

For  new  information to be submitted the NJ Bankruptcy Courts.

Board  Director   said that the NJ board did not approve the shredding of  patient charts.

Wolfe  committed perjury,  which is  a serious unethical  matter.

Bankruptcy  Rule  361  David wolfe  violated in bankruptcy court.

He   was legally  required to send notices to all patients.

In  addition  as  Doctor C  Ackerman MD suffered a  cardiac infarction,

And cardiac surgery  from this abusive situation,

In  addition  the rule that  the shredding  of patient charts, which was  illegal,

Required to be paid by Bank .

That money to be returned to  Doctor C  Ackerman MD licensed  Medical  doctor,  immediately.

Nancy  Issacson,  should not  be paid, She  called a prospective  Doctor Employer.

And  said  malicious things,  about  Doctor C  Ackerman  MD licensed  Doctor,

In  addition  in her office in Livingston,  NJ,  Isaaxon  called  a Doctor a  " notihing"

Isaacson,  is a   malicious attorney  who did not do  anything for  Doctor C  Ackerman MD licensed

Doctor,

The  attorney  obstructed  Doctor Civil  rights, Constitutional  rights to practice Medicine.

The  $4.000.00  must be immediately  returned to  Doctor C  Ackerman MD  for  Urgent  Matter.

In addition as  Doctor C  Ackerman MD  did not approve the  Shredding  of Patient

Charts,   which si a HIPPA  violation,

He legally  should have sent in letter to the  Patients.

His law license  to be disciplined by the  NJ licensing  For attorneys,

He   should have his law license suspended,. For   shredding Patient charts,

And not following the Procedure  in this Matter,    Bankruptcy  rule  351.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
*[Enter your name, address and telephone number]*

Dr iC Aulenaw
MD heud deck
Volve, Till Acter

In Re:
*[Enter the debtor's name(s)]*

n- nur

Case No.: 17-gu3 L
*[Enter the case number]*

Chapter: Chtr 7 - cpL 1
*[Enter the chapter; example: 13]*

Hearing Date: _____
*[Enter the hearing date]*

Judge: _____
*[Enter the Judge's last name]*

**NOTICE OF MOTION TO**

*[Enter the relief sought]* Emergency heavin _____

*[Enter your name]* Dr Aulenan heud deck has filed papers with the court to *[Enter the relief sought]*___

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: AJ AD _____
*[Enter the date of the hearing]*

Hearing Time: _____
*[Enter the time of the hearing]*

Hearing Location: _____
*[Enter the location of the hearing]*

_____

_____

Courtroom Number: _____
*[Enter the courtroom number]*

2. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

*Board Direct & P-Rerren did not Approve checks, HIPPA Violation, & perjery*

3. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

*The Attorney lied in act perjery Money Isac jun did not act, & abumit to Docter, & called Employee his Legal fees not to be paid*

4. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

*Perry Perry*

5. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* _____

I certify under penalty of perjury that the above is true.

Date: _____
*[Enter the date this document is signed]*

Signature _____
*[Of the party with actual knowledge of the facts set forth above]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
*[Enter your name, address and telephone number]*

In Re:
*[Enter the debtor's name(s)]*

Case No.: _____
*[Enter the case number]*

Chapter: _____
*[Enter the chapter; example: 13]*

Hearing Date: _____
*[Enter the hearing date]*

Judge: _____
*[Enter the Judge's last name]*

## STATEMENT AS TO WHY NO BRIEF IS NECESSARY

In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is necessary in the court's consideration of this motion, as it does not involve complex issues of law.

Date: _____
*[Enter date this document is signed]*

Signature *[Of party seeking relief]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
*[Enter your name, address and telephone number]*

Dr. C. Aculena
*[handwritten]*

In Re:
*[Enter the debtor's name(s)]*

Case No.: 17-17032 *[handwritten]*
*[Enter the case number]*

Chapter:
*[Enter the chapter]*

Hearing Date:
*[Enter the hearing date]*

Judge:
*[Enter the judge's last name]*

**CERTIFICATION OF** *[handwritten]* Dr. C. Aucena liend da
*[Enter the name of the person that has personal knowledge of the facts set forth below]*

I, *[Enter the name of the person that has personal knowledge of the facts set forth below]* *[handwritten]* Dr. C. Aculena Wen dct, *[Enter their relationship to the case. For example: debtor, creditor]* _____ in the above captioned case, submits this Certification in support of the Motion for *[Enter title of motion]* *[handwritten]* Emergey hearing to reimposter _____ filed by me on *[Enter the date the motion was filed]* _____ .

1. *[Enter the facts on which you believe such relief should be granted. Each fact must be set forth in a separate numbered paragraph.]* *[handwritten text, partially illegible]*

If you mail your response to the clerk for filing, you must mail it early enough so the court will receive it on or before 7 days prior to the hearing date.

You must also mail a copy of your response to:

*[Enter the trustee's name and address]*

*[Enter the name and address of all other parties who will be affected by this motion]*

If you, or your attorney, do not take the steps outlined above, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date:  _____

*[Enter the date this document is signed]*

_____

Signature *[Of the party seeking relief]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
*[Enter your name, address and phone number]*

D- C Allen un
leanu dear
harp

---

In Re:
*[Enter the debtor's name(s)]*

17-1703L

Case No.: 17-1703L
*[Enter the case number]*

Chapter: Chap 7
*[Enter the case number]*

Hearing Date: _____
*[Enter the hearing date]*

Judge: _____
*[Enter the Judge's last name]*

---

**ORDER GRANTING** Emejey huscy _____
*[Enter the relief sought]*

The relief set forth on the following pages, numbered two (2) through *[enter the number of the last page of this Order]* _____ is **ORDERED**.

*[Leave the rest of this page blank]*