# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Cheryl Ackerman,**<br><br>**Plaintiff,**<br><br>v.<br><br>**David Wolff, Esq.**<br><br>**Defendant.** | Civ. No. 18-11860 (KM)<br><br><br><br>**OPINION** |

The plaintiff, Cheryl Ackerman, has brought a series of actions and applications, most in the form of appeals from orders of the Bankruptcy Court in Case No. 17-7032. Because of repetitive filings seeking the same relief, the bankruptcy court entered an order limiting the filing of new motions. This court's most recent ruling dismissed a bankruptcy appeal as moot in light of the court-ordered sale of Ms. Ackerman's property. (18 cv 8045 DE 34) Now Ms. Ackerman has brought a civil complaint against the trustee in bankruptcy, David Wolff, asserting many of the same matters that were the subject of her bankruptcy appeals. The complaint in this matter (DE 1) will be dismissed, for two reasons.

### 1. Plaintiff has not accomplished service.

The complaint was originally filed on July 16, 2018. In forma pauperis status was granted, and USM 285 forms were sent, on October 31 and November 1, 2018. (DE 3, 4) The Plaintiff failed to fill out or return the USM 285 forms so a summons could be issued and service be accomplished. On December 6, 2018, the court issued an order requiring the plaintiff to either return the forms or show cause why the action should not be dismissed. (DE 5)

On December 21, 2018, the plaintiff responded with an application for a 60-day extension of her time to serve the defendant. (DE 6) On January 4, 2019 (the return date of the order to show cause), I granted the 60-day

1

extension. (DE 9)

Rule 4(m), Fed. R. Civ. P., requires that a complaint be served within 90 days after filing. I entered an order to show cause why the complaint should not be dismissed. Although Ms. Ackerman provided no adequate grounds, I nevertheless granted an additional 60-day extension of the time to serve the summons and complaint. More than 60 days have elapsed since January 4, 2019, when I entered the order granting the extension.

Accordingly, I will order that the complaint be dismissed without prejudice for failure to accomplish service.

### 2. The complaint does not state a cognizable claim

This court granted in forma pauperis status, permitting the complaint to be filed without the payment of a fee. The court is therefore obligated to screen the allegations of the complaint to determine whether it

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir.2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna*, No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

This complaint fails to state an intelligible claim. It cites no case, statute, or regulation on which it is based. The factual allegations are fragmentary and in many ways incomprehensible. Ms. Ackerman details her severe medical

2

problems. She states that she "disputed the Final bankruptcy order prepared by wolfe," and that he has an account containing $265,000 which should be provided to her. As in prior actions and appeals, she refers to the fact that she left medical charts in her house when she was evicted, and that the destruction of them would constitute a violation of HIPAA.[1] On February 26, 2019, Ms. Ackerman filed another letter complaining about the conduct of Wolff, the shredding of patient charts, and miscellaneous matters. This letter may have been filed under the impression that this action is yet another appeal from the bankruptcy court. (DE 15 ("appealing the final order of wolfe")) Reference is made to a New Jersey homeowner's rebate. The handwritten portions of the submissions are difficult to decipher at all. The relief requested is "Financial relief to emergency medical and dental treatment."

I have given this pro se plaintiff's pleadings a liberal construction. Even so, this complaint does not set forth a short and plain statement of this court's jurisdiction or of facts setting forth a cognizable civil cause of action against the bankruptcy trustee. See Fed. R. Civ. P. 8(a). To the extent the plaintiff complains of errors in the bankruptcy court's orders, the proper remedy is an appeal.

If the claims were to go forward, they would then face the barrier of the bankruptcy trustee's qualified immunity from suit. See In re: J & S Properties, LLC, 872 F.3d 138 (3d Cir. 2017). Nothing in the complaint suggests a basis for finding that the trustee's actions violated clearly established law, and indeed the circumstances suggest only that the trustee's actions were ordered or ratified by the bankruptcy court. It is not necessary, however, to reach this issue; I merely point it out for future reference in the event of further proceedings.

---

[1] As I have detailed in the past, any such duty under HIPAA would belong to Ms. Ackerman as a physician, not to the bankruptcy trustee.

## CONCLUSION

For the reasons stated above, the complaint is DISMISSED without prejudice for failure to accomplish service and upon initial screening pursuant to 28 U.S.C. § 1915(e). An appropriate order accompanies this opinion.

KEVIN MCNULTY
United States District Judge