# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Cheryl Ackerman,** | Civ. No. 18-11860 (KM) |
| **Plaintiff,** | Also filed under<br>Civ. No. 19-4908 |
| v. | |
| **David Wolff, Esq.** | |
| **Defendant.** | **OPINION** |

The plaintiff, Cheryl Ackerman, has brought a series of actions and appeals from orders of the Bankruptcy Court in Case No. 17-7032.[1] Because of repetitive filings seeking the same relief, the bankruptcy court entered an order limiting the filing of new motions. Following denials of bankruptcy appeals, Ms. Ackerman filed this action, a civil complaint against the trustee in bankruptcy, David Wolff, asserting many of the same matters that were the subject of her bankruptcy appeals. By order and opinion dated March 6, 2019, I dismissed the complaint in this matter (a) because the plaintiff, despite the grant of extensions, had not served the complaint, and (b) on screening pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e), because the complaint did not state an intelligible federal-law cause of action. Ms. Ackerman filed what I interpreted as a motion for reconsideration, which I denied by order filed on March 29, 2019. (DE 19) The clerk closed the file, as directed.

Now, Ms. Ackerman has filed another submission (DE 20), which is difficult to interpret. It refers to an "emergency appeal" seeking to "reopen the

---

[1] *See Ackerman v. Wolff,* Civ. No. 18-8045; *Ackerman v. Wolff,* Civ. No. 18-9139; *Ackerman v. Wolff,* Civ. No. 18-11860 (this action); *Ackerman v. Wolff,* Civ. No. 19-4908. *See also Ackerman v. Archer & Greiner,* Civ. No. 17-740; *Ackerman v. NJ Bd. Of Med. Examiners,* Civ. No. 14-4029. The last-cited case is unrelated to the bankruptcy.

1

BANKRUPTCY Matter" and states that there is "New information for Judge." It cites [Bankruptcy, presumably] Rule 8010. The clerk filed it in this action (one of many filed by Ms. Ackerman) as a motion.

This pleading, like prior ones, asserts a disjointed series of grievances, many of them nearly unintelligible. Some relate to the Archer Greiner firm, which for a time represented her in proceedings regarding her medical license in 2014. Some relate to patient files in her home, which was sold in foreclosure. Some relate to Ms. Ackerman's cardiac health. There are generalized allegations that the bankruptcy proceedings were corrupt or otherwise inappropriate. Ms. Ackerman cites her medical credentials. All of these allegations, however, are quite familiar from earlier filings in this and other cases filed by this plaintiff.

Attached to Ms. Ackerman's filing is a copy of a stipulation and consent order filed in bankruptcy court, dated November 18, 2018. In it, the trustee agrees to reserve as a homestead exemption some $24,000 as a distribution to Ms. Ackerman from the foreclosure sale of her home, despite her having failed to make any application for such relief. In return, Ms. Ackerman agrees to refrain from filing further motions, appeals, adversary proceedings or complaints.

To the extent this may be intended as a (second) motion for reconsideration, it is denied. there is no argument in this motion that was not or could not have been brought in the earlier proceedings. There is no basis to grant reconsideration. *See* D.N.J. Loc. Civ. R. 7.1(i); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

To the extent this may be intended as a motion to reopen the bankruptcy case based on new evidence, it is denied. No such evidence is specified, and at any rate such a motion should be presented to the bankruptcy court in the first instance. *See* Fed. R. Bankr. P. 5010.

Another possibility is that Ms. Ackerman may be responding to the Court's orders in her most recent bankruptcy appeal, Civ. No. 19-4908. I denied that appeal for failure to comply with the most minimal procedural

standards, such as specifying the order being appealed and designating the record. My order gave Ms. Ackerman 14 days to remedy those defects. (19-4908 DE 3) Instead, she moved for reconsideration, which was denied by order dated March 26, 2019. (19-4908 DE 5) The current submission does attach an order of the bankruptcy court. It is a stipulated consent order, agreed to by Ms. Ackerman, so the basis for an appeal is difficult to discern. At any rate, it dates from November 18, 2018, so the appeal, filed on February 6, 2019, would not be timely. (19-4908 DE 1; see Fed. R. Bankr. P. 8002 (appeal must be filed within 14 days after entry of order.) Considered as an attempt to remedy the appeal's defects, it also fails because the record is not designated, see Fed. R. Bankr. P. 8010, and because it arrives well after the 14-day deadline set by the court.

Yet another possibility is that Ms. Ackerman intended to file a new, independent action. There is a civil cover sheet and a motion to proceed *in forma* pauperis. I reject that alternative, however, because the allegations duplicate those in already-filed actions, including this one. The submission fails to set forth an intelligible cause of action. See 28 U.S.C. § 1915A. At any rate, if the new action were filed, I would immediately consolidate it with this one.

### ORDER

IT IS this 9th day of April, 2019

ORDERED that the motion (DE 20) is DENIED. The clerk shall close the file.

**KEVIN MCNULTY**
**United States District Judge**